**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOAN ELIZABETH, AKA Joan Aarestad,
AKA Joan Elizabeth Aarestad,

          Plaintiff - Appellant,

  v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, individually and as
Receiver for IndyMac Bank, F.S.B.,

          Defendant - Appellee.

No. 10-55640

D.C. No. 2:08-cv-06028-PA-JWJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Joan Elizabeth appeals pro se from the district court's judgment for the

Federal Deposit Insurance Corporation ("FDIC") in her action challenging the

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

FDIC's deposit insurance determination. We have jurisdiction under 28 U.S.C. § 1291. We dismiss the appeal as moot.

Elizabeth has been refunded the entire uninsured deposit amount that her action sought to recover, in accordance with a change in federal law after the district court issued its judgment. Because there is no longer a live issue or controversy and no effective relief can be granted, we must dismiss the appeal as moot. *See Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (citation and internal quotation marks omitted)); *see also Far W. Fed. Bank, S.B. v. Office of Thrift Supervision*, 119 F.3d 1358, 1366-67 (9th Cir. 1997) (FDIC is not subject to a prejudgment interest award because it operates as a regulatory entity, and Congress has not explicitly waived its immunity against interest).

We do not consider Elizabeth's contentions concerning the FDIC's alleged negligence because Elizabeth did not adequately raise the issue before the district court. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

**DISMISSED.**